IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff(s)**<br><br>v.<br><br>LUIS GONZALEZ MORENO,<br>ALEXANDER AVILES SANTIAGO,<br><br>**Defendant(s)** | **CRIMINAL NO.** 06-341 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Suppress filed by defendant Luis Gonzalez Moreno ("Gonzalez Moreno") claiming that the following should be suppressed: (1) his statement consisting of "don't shoot, I don't have the weapon;" (2) all the evidence seized from the black Hyundai vehicle he was driving; and (3) all the statements he made pursuant to custodial interrogation or overheard by the police officers while he was in custody. (Docket No. 27). Also pending before the Court is defendant Alexander Aviles Santiago's Motion for Joinder of defendant Gonzalez Moreno's Motion and to Suppress the weapon seized during his arrest.  The Motions were referred by the Court to Magistrate-Judge Bruce McGiverin for hearing and report and recommendation. (Docket Nos. 33, 34).

Upon de novo review of the Magistrate-Judge's Amended Report and Recommendation (Docket No. 48) and defendant Gonzalez Moreno's objections thereto (Docket No. 49), the Court finds no reason to

Criminal No. 06-341 (JAG)                                         2

depart from the Magistrate-Judge's recommendations and accordingly **DENIES** the Motions to Suppress.

## DISCUSSION

I. <u>Standard of Review</u>

A district court may, on its own motion, refer a pending matter to a United States Magistrate-Judge for a report and recommendation. <u>See</u> 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). Since timely objections to the report and recommendation have been filed, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8 F. Supp.2d 152, 154 (D.P.R. 1998).

II. <u>Defendant's Objections to Report and Recommendation</u>

In his Objection to the Magistrate-Judge's Report and Recommendation, defendant Gonzalez Moreno first argues that the Magistrate-Judge erred in according credibility to the government's witness regarding the ground for his arrest. Gonzalez Moreno points to statements in their testimonies and claims that they make the officers' version of the facts incredible. Specifically, Gonzalez Moreno states that in view of the fact that no citation for driving

Criminal No. 06-341 (JAG)                                                3

recklessly was issued against him and that Agent Samuel Fano Cruz ("Agent Cruz") stated that he was driving within the speed limits of the highway "raises the specter that the police had no reason to arrest the defendants after its initial investigatory detention." The Court disagrees.

After hearing the testimonies of government's witnesses, the Magistrate-Judge determined that the most complete and trustworthy version of the facts was the one he provided in his Report and Recommendation. Consequently, the Court will not tamper with the credibility determinations made by the Magistrate-Judge. See United States v. Raddatz, 447 U.S. 667, 681 n. 7 (noting that when the issue involves credibility, it is unlikely that a district judge would reject the magistrate's views and substitute his own appraisal); United States v. Hernandez-Rodriguez, 443 F.3d 138, 148 (1st Cir. 2006)(holding that a district court may not reject a magistrate-judge's findings as to the credibility of a witness without hearing the witness testify first hand); National Railroad Passanger Corp. v. Koch Industries Inc., 701 F.2d 108, 111 (10th Cir. 1983)(holding that "only in a rare case should a district judge resolve credibility choices in a manner contrary to recommendations of magistrate who heard witnesses' testimony").

Further, Gonzalez Moreno sustains that the Magistrate-Judge gave too much weight to the case of Artwater v. City of Lago Vista, 532 U.S. 318 (2001) in determining that the violations of law incurred by Gonzalez Moreno constitute offenses for which he could

Criminal No. 06-341 (JAG)                                                    4

have been arrested and taken away because he did not incur in criminal offenses. Gonzalez Moreno argues that while in <u>Artwater</u> the defendant was stopped and placed under arrest for failure to use a seatbelt, a misdemeanor under the laws of California, he was stopped and placed under arrest for sporting tinted windows, running a stop light and misuse of the shoulder of the road, all of which are merely administrative faults. However, Gonzalez Moreno concedes that Agent Cruz testified that the grounds for the arrest also included reckless driving, which is indeed a criminal offense. He again draws upon his previous argument that undue credibility was afforded to the government's witnesses with respect to the grounds for the arrest and adds that the administrative faults committed by him do not become criminal offenses for which he could be arrested. Gonzalez Moreno specifically cites to PR Laws Ann. Tit. 9 § 5683 which provides that "[w]hen the driver of a motor vehicle or a trailer commits a violation which constitutes an administrative fault and as a consequence thereof causes or contributes to causing an accident resulting in injuries to any person or damages to the property of another, said administrative fault shall become a misdemeanor..." Since no such injuries or damages to the property of another were caused in this case, Gonzalez Moreno argues that no criminal offense occurred and therefore, the arrest is illegal. Since the statements and the seized items were all fruits derived from the allegedly illegal arrest, Gonzalez Moreno sustains they were also illegally obtained and should be suppressed.

Criminal No. 06-341 (JAG)                                               5

As stated above, Gonzalez Moreno concedes that there is evidence on the record that he was arrested, among other grounds, for reckless driving. Agent Cruz testified to this and the Magistrate-Judge accorded him credibility and went on to find that the traffic stop was legal. Again, the Court will not tamper with the credibility determinations made by the Magistrate-Judge. Since the administrative faults were not the only bases for Gonzalez Moreno's arrest, the Court need not discuss the issue of whether the administrative faults were sufficient bases, by themselves, for his arrest.

For the reasons set forth in the Report and Recommendation, the Court finds that the traffic stop and the subsequent inventory search were legal. Additionally, the post-arrest statements made by the defendants were made voluntarily and upon a waiver of their Miranda rights. The evidence seized from and the statements made by the defendants are admissible under the findings of the Report and Recommendation and applicable law.

Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** defendants' motions to suppress.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of April, 2007.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge